IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA          )
                                  )
          v.                      )          1:16CR170-1
                                  )
YASSEEN MOHAMMED ELTAHIR          )

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

Before the court is the motion to dismiss the indictment for violation of the Speedy Trial Act, 18 U.S.C. § 3161 et seq., filed by Yasseen Mohamed Eltahir. (Doc. 15.) For the reasons set forth below, the court will dismiss Eltahir's indictment without prejudice.

## I.    BACKGROUND

Eltahir was arrested on May 20, 2016, based on a criminal complaint alleging possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. §§ 922(g)(3) and 922(g)(4). (Doc. 1.) Eltahir was indicted on June 1, 2016, on four counts: possession of a 9-millimeter handgun by an unlawful user of and person addicted to a controlled substance in violation of 18 U.S.C. § 922(g)(3); possession of multiple rounds of 9-millimeter, 7.62 x 39-millimeter, and .45 caliber ammunition by an unlawful user of and person addicted to a controlled substance in violation of 18 U.S.C. § 922(g)(3); possession of a 9-millimeter handgun by a person having previously been committed to a mental

institution in violation of 18 U.S.C. § 922(g)(4); and possession

of multiple rounds of 9-millimeter, 7.62 x 39-millimeter, and .45

caliber ammunition by a person having been committed to a mental

institution in violation of 18 U.S.C. § 922(g)(4).

On May 27, 2016, Eltahir moved for a psychological evaluation,

and the Government consented.  (Doc. 8.)  The court granted the

motion and entered an order on June 3, 2016, directing that Eltahir

be sent to a mental health facility for evaluation.  (Doc. 14.)

Unfortunately, Eltahir's psychological evaluation never

occurred.  The clerk of court's protocol calls for the clerk's

office to deliver sealed orders to the United States Marshals

Service ("USMS") for execution.  (Doc. 16 at 2 n.3.)  The deputy

clerk responsible for doing so reports she delivered the order to

a USMS employee.  Id.  No record of delivery was made, however,

and the USMS has denied receipt of the order.  Id.  The Government

contends that it was unaware that Eltahir was not transferred for

a medical evaluation until the present motion was filed.  Id.[1]

Eltahir moved to dismiss his indictment on September 14, 2016,

alleging violation of the Speedy Trial Act.  He contends that,

because his trial has not occurred within the seventy-day time

limit set forth in 18 U.S.C. § 3161(c)(1), his indictment must be

---

[1] Counsel for Eltahir became aware that there was a delay in transporting
the Defendant but attributed it to normal administrative delays until
he discovered the ten-day limit on transportation delays in the Speedy
Trial Act and therefore verified his client's whereabouts.  (Doc. 17 at
1-2.)

dismissed.  (Doc. 15 at 2.)  The Government agrees.  (Doc. 16 at

3.)  Eltahir contends that the indictment should be dismissed with

prejudice, however, but the Government argues that dismissal

should be without prejudice to its ability to re-indict the

Defendant.  (Id.; Doc. 18.)  Neither party requests a hearing.

## II.  ANALYSIS

The Speedy Trial Act requires dismissal for a violation, but

the statute expressly contemplates that some dismissals be entered

without prejudice.  18 U.S.C. § 3162(a)(2).  Upon a violation, a

court must consider three factors in considering which type of

dismissal to enter: (1) the seriousness of the offense; (2) the

facts and circumstances of the case which led to the dismissal;

and (3) the impact of a re-prosecution on the administration of

this chapter and on the administration of justice.  Id.  While

this list is not exhaustive, a district court's decision must be

supported by clear application of these factors to the facts of

the case.  United States v. Taylor, 487 U.S. 326, 337 (1988).

Neither remedy — dismissal with prejudice or without prejudice —

is presumptive.  Id. at 335 n.8.  In considering Eltahir's motion,

the court will evaluate each factor in turn.

### A.    The Seriousness of the Offenses

Eltahir's charges – possession of a firearm (handgun) and

various ammunition by an illegal drug user, addict, and former

mental institution patient - are serious.  The length of Eltahir's

maximum authorized penalty, ten years for each violation, 18 U.S.C. § 924(a)(2), reflects the seriousness of his charges. Baldwin v. New York, 399 U.S. 66, 68 (1970) (noting that, in deciding whether an offense is serious, "we have found the most relevant such criteria in the severity of the maximum authorized penalty"). In addition, courts making the same determination as this court have found similar charges to be serious. United States v. Jones, 601 F.3d 1247, 1257 (11th Cir. 2010) (finding that "possession of ammunition by a convicted felon and drug user are clearly serious crimes"); United States v. Williams, 576 F.3d 1149 (2009) (finding charge for possession of firearm by felon to be serious); United States v. Munlyn, 607 F. Supp. 2d 394, 396–402 (E.D.N.Y. 2009) (same); United States v. Drain, No. 96-40042-01-RDR, 1997 WL 309131, at *1 (D. Kan. May 30, 1997) (finding charges for felony drug possession, carrying a firearm during a drug transaction, and possession of firearm by a felon to be serious).

Eltahir argues that his status as a non-felon distinguishes his case from those cited by the Government. (Doc. 18 at 2-3.) While plainly a distinction, it is not a meaningful one. Eltahir fails to consider those courts that have found similar conduct to be serious under the same statute he is alleged to have violated, and he fails to explain how possession of a firearm and ammunition (especially for a 7.62 x .39-millimeter rifle) by an addicted drug user and former mental patient is any less serious – indeed, it

4

may be more serious, depending on the nature of the qualifying felony conviction. To be sure, this court has deemed conduct considerably less likely to cause violence than Eltahir's to be serious. United States v. House of Raeford Farms Inc., No. 1:09-cr-395, 2012 WL 699515, at *6 (M.D.N.C. Feb. 29, 2012) (finding a charge for improper environmental discharge in violation of the Clean Water Act serious). As Eltahir is prohibited from possessing a firearm under federal law because of at least seventeen alleged involuntary commitments for mental health issues (Doc. 18 at 4), his violation is serious for purposes of the Speedy Trial Act and weighs heavily against dismissal with prejudice.

B.     **Facts and Circumstances of the Case which Led to Dismissal**

As to the second factor, the mix-up in the clerk of court's failure to successfully deliver the examination order to the USMS (or the USMS' failure to properly process it, whichever may have occurred) — for which the court is dismissing Eltahir's indictment — is an apparent result of administrative oversight. For this factor to weigh in favor of dismissal with prejudice, courts have ordinarily required conduct on behalf of the Government beyond mere inadvertence. Taylor, 487 U.S. at 339 (explaining that "something more than an isolated unwitting violation" is needed to alter the balance under the second factor). The Fourth Circuit has affirmed dismissals with prejudice upon findings that the

5

Government acted "with a truly neglectful attitude." <u>United States</u> <u>v. Harden</u>, No. 97-4791, 1998 WL 390479, at *3 (4th Cir. June 26, 1998)[2] (quoting <u>Taylor</u>, 487 U.S. at 338) (affirming dismissal with prejudice when delay was caused by prosecutor filing a motion for continuance that was explicitly disallowed by statute). But an error arising from an "unwitting violation" does not ordinarily warrant dismissal with prejudice. <u>United States v. Hope</u>, 202 F. Supp. 2d 458, 460-61 (2001) (citing <u>United States v. Hernandez</u>, 863 F.2d 239, 244 (2d Cir. 1988)). Moreover, "a truly neglectful attitude" differs from prosecutorial "neglect," which can arise from an avoidable but isolated error. <u>United States v. Lewis</u>, No. 3:09MJ133, 2010 WL 1727846 (E.D. Va. Apr. 28, 2010) (dismissing a criminal complaint without prejudice after prosecution failed to properly calculate the date by which it was required to present an indictment).

Other circuits have assessed culpability when applying the second factor. <u>United States v. Stevenson</u>, No. 15-1942, 2016 WL 4191134, at *4 (3d Cir. Aug. 9, 2016) (asking "[D]id it stem from 'intentional dilatory conduct' or a 'pattern of neglect on the part of the Government,' or rather, from a relatively benign hitch

---

[2] Unpublished opinions of the Fourth Circuit are not precedential. <u>See</u> <u>Collins v. Pond Creek Mining Co.</u>, 468 F.3d 213, 219 (4th Cir. 2006) (recognizing that "we ordinarily do not accord precedential value to our unpublished decisions" and that such decisions "are entitled only to the weight they generate by the persuasiveness of their reasoning" (citation omitted)).

6

in the prosecutorial process?" (citation omitted)); <u>United States</u>

<u>v. Cano-Silva</u>, 402 F.3d 1031, 1036 (10th Cir. 2005) ("In

determining whether the facts and circumstances warrant dismissal

with prejudice we focus on the culpability of the conduct that led

to the delay."); <u>United States v. Blevins</u>, 142 F.3d 223, 226 (5th

Cir. 1998) ("Regarding the facts and circumstances leading to the

dismissal, we look to whether the Government sought the resultant

delays for ulterior purposes as well as whether the Government's

failure to meet deadlines was repetitive, regular, and frequent

with respect to this defendant."); <u>United States v. Barnes</u>, 159

F.3d 4, 18 (1st Cir. 1998) ("In fashioning the proper curative, we

find dispositive that the crimes charged are grave, that there is

no evidence of bad faith conduct on the part of the government,

that the record reveals no actual prejudice to the defendant,"

noting that "administrative negligence" caused the violation, as

opposed to "prosecutorial misconduct.").

This court is not the first to confront a violation arising

from a clerk's failure to deliver an examination order. In <u>United</u>

<u>States v. Drain</u>, No. 96-40042-01-RDR, 1997 WL 309131 (D. Kan. May

30, 1997), the court applied 18 U.S.C. § 3162(a)(2) to a Speedy

Trial Act violation arising from a clerk's failure to deliver an

examination order to the USMS. In applying the factors of 18

U.S.C. § 3162(a)(2), the court dismissed the defendant's

indictment without prejudice. The court concluded that the

defendant's charges for felony drug possession, carrying a firearm during a drug transaction, and possession of firearm by a felon — charges similar to Eltahir's — were serious.  Drain, 1997 WL 309131, at *1.  It also found that the clerk's "bureaucratic mistake" did not indicate any bad faith, neglect, or intentional dilatory conduct on behalf of the prosecution.  Id.  In applying the second factor, the court noted that the mistake was made by the court's staff (the clerk's office) and not the prosecution. Id.

Eltahir does not charge, nor is there any evidence of, bad faith or intentional misconduct or delay on behalf of the Government.  What the Government has characterized as a "clerical oversight" is essentially inadvertence.  There is no pattern of such lapses in this district; rather, the clerk's office has a practice of successfully delivering such orders to the USMS. (Doc. 16 at 2.)  Only one other such instance historically in this district is noted, and it is, oddly, nearly contemporaneous.  That instance is subject to a similar motion to dismiss[3] pending before the court.  While both cases raise a substantial concern with this court, there is no evidence of bad faith or intentional conduct,

---

[3] In United States v. Long, case no. 1:16CR00091 (M.D.N.C.), Christopher Lee Long was indicted in March 2016, but the clerk's office failed to deliver his examination order to the USMS.  Long has moved to dismiss on the same grounds as Eltahir.

and they are insufficient to constitute a "pattern of negligence."[4]
Moreover, the court notes that the initial request triggering the
delay was not a motion by the Government, but by the Defendant.

This second factor therefore weighs against dismissal with
prejudice.

### C.    Impact of a Re-prosecution

Finally, the court must consider the impact of its dismissal
on the administration of the Speedy Trial Act and the
administration of justice.  In applying this factor, the court
must contemplate the need to deter the Government from future
violations of the Speedy Trial Act.  Taylor, 487 U.S. at 342.
Dismissal with prejudice is not the only way of deterring future
violations.  Id. ("Dismissal without prejudice is not a toothless
sanction: it forces the Government to obtain a new indictment if
it decides to reprosecute, and it exposes the prosecution to
dismissal on statute of limitations grounds.")

Mindful that the error occurred somewhere between the clerk's
office and the USMS, the court finds that the third factor weighs
against dismissal with prejudice.  Because the court finds the
mistakes causing Eltahir's violations to be isolated, dismissing
the indictment with prejudice is unnecessary to serve the interests
at stake.  Dismissal without prejudice still advances the goals of

---

[4] The clerk's office has since initiated an investigation to identify
and address the deficiency.

Case 1:16-cr-00170-TDS  Document 21  Filed 09/27/16  Page 9 of 11

the Speedy Trial Act and deters future prosecutorial misconduct. United States v. Reames, 40 F. App'x 861, No. 01-4967, 2002 WL 1611339, at *1 (4th Cir. July 23, 2002) ("[T]he purpose of deterring prosecutorial misconduct and delay would be little served by barring reprosecution."). Much like the court in Drain, this court "is convinced that the particular mistake that occurred in the court's clerk's [or USMS] office which caused the problem in this case will not happen again." 1997 WL 309131, at *4.

The court also finds that the delay will not adversely impact the administration of justice. Any unwarranted delay, especially delay incurred while a defendant remains in custody, is unacceptable. But there is a mitigating consideration in this case. The underlying motion triggering the delay was filed by Eltahir seeking a psychological evaluation. The U.S. Code requires such examinations to be performed within thirty days, but it also contemplates an extension for up to another thirty days upon a showing of good cause. 18 U.S.C. § 4247(b). Likewise, the Speedy Trial Act excludes from its seventy-day rule delays arising from mental competency examinations. 18 U.S.C.A. § 3161(h)(1)(A). In the court's experience, it is not unusual that the examining physician or psychologist requests such an extension in order to properly conduct the examination.

For all these reasons, this third factor favors dismissal without prejudice.

## III. CONCLUSION

Because all three factors weigh against dismissal with prejudice but in favor of dismissal without prejudice,

IT IS THEREFORE ORDERED that the motion to dismiss (Doc. 15) is GRANTED WITHOUT PREJUDICE.


                                    /s/    Thomas D. Schroeder
                                   United States District Judge

September 27, 2016